RONALD E. KOUBA AND SHEILA R. KOUBA, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Kouba v. Commissioner
Docket No. 19235-82.
United States Tax Court
T.C. Memo 1984-477; 1984 Tax Ct. Memo LEXIS 190; 48 T.C.M. (CCH) 1061; T.C.M. (RIA) 84477; September 10, 1984. Ronald Kouba, pro se. Richard McLaughlin, for the respondent. CLAPP
MEMORANDUM OPINION AND FINDINGS OF FACT CLAPP, Judge: Respondent determined a deficiency in petitioners' income tax for 1980 of $2,157.00 and an addition to tax under section 6653(a) of $107.85. After concessions by all parties, the issues are: 1) whether petitioners are entitled to a deduction for business use of their residence; 2) whether petitioners are entitled to a deduction for charitable *192 contributions in excess of that conceded by respondent; 3) whether petitioner may deduct fees paid with regard to a business petitioner Ronald Kouba hoped to start; 4) the amount of the deduction for medical expenses to which petitioners are entitled; and 5) whether a portion of petitioners' underpayment is due to negligence or intentional disregard of rules an regulations. FINDINGS OF FACT Some of the facts have been stipulated. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioners resided in Minot, North Dakota, when they filed their petition. Petitioner Ronald Kouba was employed by the North Dakota Education Association. During 1980, he conducted some of his work for his employer at his residence. Petitioners paid $1,510 to churches and church-related organizations by check. Petitioners also made cash contributions when they attended church services. There is not a bona fide dispute about all the deductions claimed by petitioner that respondent disallowed. OPINION 1. Business use of residence
Petitioners deducted $800 for the business use of their residence.This deduction is barred by section 280A(a) unless *193 petitioners qualify for one of the exceptions provided in section 280A(c). See, e.g., Frankel v. Commissioner,82 T.C. 318 (1984). There is no evidence which even suggests that Mr. Kouba's business use of his residence was for the convenience of his employer, so petitioners do not qualify for section 280A(c)(1). There also is no evidence that petitioners qualify for section 280A(c)(2) (storage use), section 280A(c)(3) (rental use), or section 280A(c)(4) (day care). Accordingly, we deny this deduction. 2. Charitable contributions
Respondent concedes petitioners may deduct $1,510 of the $1,940 they listed on their return as "cash contributions for which you have receipts or cancelled checks." Petitioners did not produce receipts or cancelled checks for $430 of the $1,940 and that portion of the deduction is disallowed. With regard to the $1,200 petitioners deducted as "other cash contributions," Mr. Kouba testified that the deduction was based on his estimate of how much petitioners contributed to their church while attending services, not on a contemporaneous record. We do not doubt that petitioners made contributions while attending services, but Mr. *194 Kouba's testimony of how he estimated the amount of the contributions is insufficient to substantiate the amount claimed. Applying the rule of Cohan v. Commissioner,39 F.2d 540 (2d Cir. 1930), we conclude petitioners may deduct $300 of the $1,200 claimed. 3. Fees paid with regard to a new business
Petitioners deducted $5,500 on their Schedule C as a loss from Mr. Kouba's business as an estate planner. Mr. Kouba testified that he paid that amount in starting a new business. However, the testimony of Mr. Kouba and his brother has not convinced us that $5,500 was expended for a business purpose. The money was paid ostensibly to an organization known as "Spoken Word." There is insufficient evidence as to what services "Spoken Word" provided. Thus, even if start-up expenses were deductible, but cf. Madison Gas and Electric Co. v. Commissioner,72 T.C. 521, 566-567 (1979), affd. 633 F.2d 512 (7th Cir. 1980); Hoopengarner v. Commissioner,80 T.C. 538, 540 (1983), on appeal (9th Cir., Sept. 2, 1983), petitioners have not carried their burden of showing that $5,500 was spent for start-up expenses. 4. Medical *195 expenses
Our denial of petitioners' deduction for start-up expenses will increase their adjusted gross income. This will affect the amount of the deduction for medical expenses to which they are entitled. Section 213(a). 5. Addition to tax under section 6653(a)
Petitioners have the burden of disproving respondent's determination that a part of their underpayment is due to negligence or intentional disregard of rules and regulations within the meaning of section 6653(a). Tax Court Rule 142(a). Because petitioners have not shown that there is a bona fide dispute regarding all their deductions, we hold for respondent on this issue. Scott v. Commissioner,61 T.C. 654, 663 (1974). Decision will be entered under Rule 155.